UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JAMES JEREMY BRISCOE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) | CASE NO. C09-1847-RSL-MAT (CR-07-218-RSL)<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

Petitioner James Jeremy Briscoe, proceeding *pro se* and *in forma pauperis*, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. 1.) He also moves to clarify an order by Chief Judge Robert S. Lasnik in the underlying criminal case (Dkt. 7), and to file a late response to the United States' papers (Dkt. 13). The Court STRIKES his motion to clarify (Dkt. 7) as mooted by this Order and GRANTS his motion to file a late response (Dkt. 13). For the reasons set forth below, the Court directs the parties to file supplemental briefing regarding petitioner's justification for equitable tolling. Petitioner's brief is due on **Thursday, May 27, 2010**; respondent's responsive brief is due on **Monday, June 14, 2010**; petitioner's optional reply brief is due on **Friday, June 25, 2010**. The Clerk is directed to renote petitioner's § 2255 petition for consideration on **Friday, June 25, 2010**.

**BACKGROUND**

Petitioner pleaded guilty to conspiracy to distribute crack cocaine on September 13, 2007, and was sentenced to 144 months of incarceration on December 14, 2007, the same day on which final judgment was entered. *See* Dkts. 60, 87, 88, *United States v. Briscoe*, CR07-218-RSL (W.D. Wash., filed May 24, 2007) (hereinafter "CR Dkt."). He waived his right to appeal his sentence except for claims of ineffective assistance of counsel. CR Dkt. 62, at 7. Two years later, on December 14, 2009, petitioner moved for an extension of time to appeal his sentence and to clarify his sentence. On January 21, 2010, Chief Judge Robert S. Lasnik denied petitioner's motion for an extension of time to appeal and clarified the basis for petitioner's sentence. CR Dkt. 107. Judge Lasnik ruled as follows:

> An ineffective assistance of counsel claim can be brought as a federal habeas corpus claim through a 28 U.S.C. § 2255 motion to the district court where judgment was entered, but generally only within one year of entry of final judgment. *See* 28 U.S.C. § 2255(f)(1). . . . A federal criminal defendant has ten days after "entry" of the judgment being appealed to file a notice of appeal. Fed. R. App. P. 4(b). Defendant did not file a notice of appeal. He now moves the Court for an extension nearly two years after final judgment was entered on December 14, 2007. As such, defendant's proposed motion is untimely. The Court finds no extraordinary circumstances to justify equitably tolling § 2255's statute of limitations. Accordingly, defendant's motion for an extension is DENIED.

CR Dkt. 107, at 2.

On December 28, 2009—while his motion for an extension of time to appeal was still pending before Judge Lasnik—petitioner filed the present § 2255 motion. In addition to raising several substantive issue, petitioner contends that his § 2255 motion is not barred by the one-year statute of limitations because: (1) from April 10, 2008, when he was transferred to a high-security institution, to May 1, 2008, he did not have his personal property and could not

access his legal file, (Dkt. 14, at 2–3); (2) from June 28, 2008 to November 14, 2008, a lockdown of the prison facility impeded his access to legal materials (Dkt. 1, at 12; Dkt. 1-2, at 3, 4; Dkt. 14, at 7); (3) from November 14, 2008 to mid-January 2009, his access to legal materials continued to be impeded due to an institutional step-down in security and split-yard system, as well as the fact that he was enrolled in a drug-treatment program such that he was "only able to access the law library two-three nights a week and a few hours on the weekends," (Dkt. 1, at 12–13); and (4) since August 28, 2009, his placement in protective, administrative segregation has impeded his access to legal assistance and materials, which is exemplified by the law library taking "six weeks and several requests" to answer simple requests for statutes, (Dkt. 1, at 13; *see* Dkt. 14, at 4).

## DISCUSSION

Relevant to the present action, the one-year statute of limitations for filing a § 2255 motion begins to run from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final; [or]
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action . . . .

28 U.S.C. § 2255(f)(1)–(2). Respondent contends that petitioner's § 2255 motion is barred by the one-year statute of limitations because the date on which the judgment of conviction became final was December 14, 2007; the § 2255 petition was filed on December 28, 2009; and no extraordinary circumstances warrant equitable tolling. (Dkt. 8, at 2; Dkt. 10, at 2–3.) Petitioner argues either that the statute of limitations should be equitably tolled because there were periods in which his access to legal materials was impeded, or that the statute of

limitations began to run only after those impediments to access were removed at an unspecified later date. (Dkt. 1, at 12–13; Dkt. 1-2, at 3–4; Dkt. 14, at 1–5.) Petitioner also moves for clarification about the actual date that the statute of limitations began to run on his § 2255 motion according to Chief Judge Lasnik's ruling in the underlying criminal case. (Dkt. 7); CR Dkt. 107, at 2.

The Court clarifies that the statute of limitations for filing petitioner's § 2255 motion began to run on the date on which the judgment of conviction became final, i.e., December 14, 2007. CR Dkt. 88. None of petitioner's allegations suggest a § 2255(f)(2) "impediment" to bringing his § 2255 motion existed on December 14, 2007: petitioner asserts that he was seeking his counsel's assistance in filing an appeal in December 2007 and that he was actively researching his claim of ineffective assistance of counsel until his transfer to another facility in April 2008. (Dkt. 1, at 12.) Because petitioner filed his § 2255 motion over two years after his judgment of conviction became final, the motion is time-barred unless he can establish an entitlement to equitable tolling.

"[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks and modifications omitted). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

On the present record, petitioner has shown neither diligence in pursuing his rights nor that extraordinary circumstances stood in the way of filing his § 2255 motion. Nevertheless, because whether a petitioner is entitled to equitable tolling is a fact-specific inquiry, the Court finds that petitioner should be afforded an opportunity to present additional information. The Court therefore orders as follows:

1. By **Thursday, May 27, 2010**, petitioner shall file a brief in which he specifies (a) the time periods that his access to legal materials was restricted; (b) what those restrictions entailed; (c) how frequently and for what duration he was able to access legal materials in each of these periods; (d) how he was exercising diligence in pursuing his legal rights; and (e) what evidence he would present through discovery, expansion of the record, or an evidentiary hearing to show diligence and extraordinary circumstances that might justify equitable tolling.
2. By **Monday, June 14, 2010**, respondent shall file a responsive brief and append any declarations and documentation that might substantiate or refute petitioner's claims regarding restricted access to legal materials.
3. By **Friday, June 25, 2010**, petitioner may file an optional reply brief. The Clerk shall renote petitioner's § 2255 motion for consideration on the same day.

DATED this 20th day of April, 2010.

Mary Alice Theiler
United States Magistrate Judge