UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES JEREMY BRISCOE,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO.   C09-1847-RSL<br>                (CR07-218-RSL)<br><br>REPORT AND RECOMMENDATION |

Petitioner James Jeremy Briscoe, proceeding *pro se* and *in forma pauperis*, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. 1.) Having reviewed supplemental briefing regarding whether any extraordinary circumstances might excuse the late-filed petition (Dkts. 17, 20) and the entire record, the Court recommends DENYING the § 2255 motion as barred by the one-year statute of limitations and DISMISSING this matter with prejudice. The Court also recommends DENYING issuance of a certificate of appealability ("COA").

**BACKGROUND**

Petitioner pleaded guilty to conspiracy to distribute crack cocaine on September 13, 2007, and was sentenced to 144 months of incarceration on December 14, 2007, the same day

REPORT AND RECOMMENDATION
PAGE -1

on which final judgment was entered. *See* Dkts. 60, 87, 88, *United States v. Briscoe*, CR07-218-RSL (W.D. Wash., filed May 24, 2007) (hereinafter "CR Dkt."). He waived his right to appeal his sentence except for claims of ineffective assistance of counsel. CR Dkt. 62, at 7. Two years later, on December 14, 2009, petitioner moved for an extension of time to appeal his sentence and to clarify his sentence. On January 21, 2010, Chief Judge Lasnik denied petitioner's motion for an extension of time to appeal and clarified the basis for petitioner's sentence. CR Dkt. 107. Judge Lasnik ruled as follows:

> An ineffective assistance of counsel claim can be brought as a federal habeas corpus claim through a 28 U.S.C. § 2255 motion to the district court where judgment was entered, but generally only within one year of entry of final judgment. *See* 28 U.S.C. § 2255(f)(1). . . . A federal criminal defendant has ten days after "entry" of the judgment being appealed to file a notice of appeal. Fed. R. App. P. 4(b). Defendant did not file a notice of appeal. He now moves the Court for an extension nearly two years after final judgment was entered on December 14, 2007. As such, defendant's proposed motion is untimely. The Court finds no extraordinary circumstances to justify equitably tolling § 2255's statute of limitations. Accordingly, defendant's motion for an extension is DENIED.

CR Dkt. 107, at 2.

On December 28, 2009—while his motion for an extension of time to appeal was still pending before Judge Lasnik—petitioner filed the present § 2255 motion. In addition to raising several substantive issue, petitioner contends that his § 2255 motion is not barred by the one-year statute of limitations because: (1) from April 10, 2008, when he was transferred to a high-security institution, to May 1, 2008, he did not have his personal property and could not access his legal file, (Dkt. 14, at 2–3); (2) from June 28, 2008 to November 14, 2008, a lockdown of the prison facility impeded his access to legal materials (Dkt. 1, at 12; Dkt. 1-2, at 3, 4; Dkt. 14, at 7); (3) from November 14, 2008 to mid-January 2009, his access to legal

REPORT AND RECOMMENDATION
PAGE -2

materials continued to be impeded due to an institutional step-down in security and split-yard system, as well as the fact that he was enrolled in a drug-treatment program such that he was "only able to access the law library two-three nights a week and a few hours on the weekends," (Dkt. 1, at 12–13); and (4) since August 28, 2009, his placement in protective, administrative segregation has impeded his access to legal assistance and materials, which is exemplified by the law library taking "six weeks and several requests" to answer simple requests for statutes, (Dkt. 1, at 13; *see* Dkt. 14, at 4).

In a prior order, this Court noted that petitioner had shown neither diligence in pursuing his rights nor extraordinary circumstances that stood in the way of filing his § 2255 motion. (Dkt. 16, at 5.) Nonetheless, the Court requested additional briefing to allow the parties to expand the record about petitioner's alleged impediments to accessing legal materials that might justify equitable tolling. (*Id.*) Petitioner responded by noting that he faced limited access to legal materials throughout his incarceration—and presently faces obstacles to accessing materials, notwithstanding his current actions in this Court—based on his own treatment for substance abuse, periods of administrative segregation, and a period in which his facility was locked down. (Dkt. 17.) He attached three documents: (1) a response to his request for a remedy for losing good-time credits in a state penal institution; (2) a one-page treatment plan from the person treating him for substance abuse; and (3) documentation that he was placed in administrative segregation for protective purposes. (Dkt. 17, at 8–10.) Respondent submitted a declaration from counsel in which she asserts that conversations with prison authorities suggest that there are no records of petitioner entering the law library during the periods in which he had access and that petitioner had access to legal materials throughout

REPORT AND RECOMMENDATION
PAGE -3

the lock-down of the prison.   (Dkt. 20-1, at 1–2.)

## DISCUSSION

Mr. Briscoe's factual assertions about his alleged impediments to accessing legal materials demonstrate that he is not entitled to equitable tolling of the one-year statute of limitations.   His habeas petition is therefore time-barred.

### I.   Statute of Limitations

The one-year statute of limitations for filing a § 2255 motion begins to run from the latest of the following events:

> (1)   the date on which the judgment of conviction becomes final; [or]
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action . . . .

28 U.S.C. § 2255(f)(1)–(2).   Respondent contends that petitioner's § 2255 motion is barred by the one-year statute of limitations because the date on which the judgment of conviction became final was December 14, 2007; the § 2255 petition was filed on December 28, 2009; and no extraordinary circumstances warrant equitable tolling.   (Dkt. 8, at 2; Dkt. 10, at 2–3.) Petitioner argues either that the statute of limitations should be equitably tolled because there were periods in which his access to legal materials was impeded, or that the statute of limitations began to run only after those impediments to access were removed at an unspecified later date.   (Dkt. 1, at 12–13; Dkt. 1-2, at 3–4; Dkt. 14, at 1–5.)   Respondent is correct.

The statute of limitations for filing petitioner's § 2255 motion began to run on the date on which the judgment of conviction became final, i.e., December 14, 2007.   CR Dkt. 88.

REPORT AND RECOMMENDATION
PAGE -4

None of petitioner's allegations suggest a § 2255(f)(2) "impediment" to bringing his § 2255 motion existed on December 14, 2007: petitioner asserts that he was seeking his counsel's assistance in filing an appeal in December 2007 and that he was actively researching his claim of ineffective assistance of counsel until his transfer to another facility in April 2008. (Dkt. 1, at 12.)

Because petitioner filed his § 2255 motion over two years after his judgment of conviction became final, the motion is time-barred unless he can establish an entitlement to equitable tolling. "[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks and modifications omitted). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam).

Even accepting petitioner's factual allegations to be true, there are only two periods in which petitioner faced obstacles to accessing legal materials that might justify equitable tolling (1) for one month beginning in late-December 2007, petitioner was placed in administrative segregation with injuries, sought to access the law library and to call his attorney, and never was afforded those demanded opportunities; and (2) for four months beginning in June 2008, petitioner and all other inmates in his facility were locked down and "hindered" from accessing

legal materials.  (Dkt. 17, at 3.)  For all other periods, petitioner's alleged "obstacles" to accessing legal materials suggest neither extraordinary circumstances nor personal diligence: petitioner felt "overwhelmed by the vast amount of information"; petitioner found the library to be "overcrowded" and "understaffed"; petitioner suffered from depression; petitioner thought that library staff did not offer enough support for his legal research; petitioner believes that facilities were "severely lacking" until improved by computer access to legal databases.  (Dkt. 17, at 3–5.)  In other words, outside of five months within a two-year period, petitioner had ample opportunity to access legal materials though he contends that he would have preferred a more extensive legal library and more research assistance.

Petitioner has failed to carry his burden of showing (1) that he pursued his rights diligently, and (2) that extraordinary circumstances stood in his way of filing a timely § 2255 motion.  The Court finds that he is not entitled to equitable tolling and his habeas petition is barred by the one-year statute of limitations.

**II.     Evidentiary Hearing**

If a prisoner's allegations do not state a claim for relief or are so palpably incredible as to warrant summary dismissal, a court need not hold an evidentiary hearing.  *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989).   Because petitioner's factual allegations show that he cannot demonstrate an entitlement to equitable tolling of the statute of limitations, the Court need not hold an evidentiary hearing.

**III.    Certificate of Appealability**

If the district court adopts the report and recommendation to deny petitioner's § 2255 motion as time-barred, it must determine whether a certificate of appealability should issue.

Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The decision to issue a COA turns not on the court's assessment of the applicant's chances for success on appeal, but whether the appeal would raise material and debatable questions. *See id.* at 342.

The Court recommends that the issuance of a COA be denied because an appeal would not raise material and debatable questions about petitioner's claimed entitlement to equitable tolling of the statute of limitations. Petitioner should address whether a COA should be issued in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The Court recommends DENYING the § 2255 motion as untimely and DISMISSING this matter with prejudice. Petitioner's factual allegations demonstrate that an evidentiary hearing is unwarranted. The Court recommends DENYING issuance of a certificate of appealability. A proposed order is attached.

DATED this 22nd day of October, 2010.

Mary Alice Theiler
United States Magistrate Judge